UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:23-cv-01649-TWP-MKK ) |
| SCHCONA L GADDIE Clerk's Entry of Default entered 5/1/2024, MACEO SMITH Clerk's Entry of Default entered 5/1/2024, JENNIFER KERSAGE as Special Administrator for the ESTATE OF TODD B. HURT, Deceased, DAMIEN MOORE Clerk's Entry of Default entered 5/1/2024, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff American Family Mutual Insurance Company, S.I.'s ("American Family") Motions for Default Judgment against Defendants Schcona L Gaddie ("Gaddie"), Maceo Smith ("Smith"), and Damien Moore ("Moore") (Filing No. 31; Filing No. 32; Filing No. 33). American Family initiated this action seeking a declaratory judgment stating it does not owe defense or indemnification obligations to Gaddie and/or Smith under an automotive insurance policy for claims brought by Defendant Jennifer Kersage, as Special Administrator for the Estate of Todd B. Hurt ("the Estate") (Filing No. 13). For the following reasons, American Family's Motions for Default Judgment, are **denied, without prejudice** to re-file after judgment is reached as to the Estate.

### I.   BACKGROUND

In October 2021, American Family issued a Family Car Policy of insurance, policy number 41060-79778-07 (the "Policy"), to or on behalf of Gaddie (Filing No. 20 at 2). In January 2022,

Smith was driving a pickup truck, allegedly in the scope of Smith's employment for Gaddie. *Id.* at 3. Smith's pickup truck collided with a vehicle driven by Todd Hurt ("Hurt"). Moore was a passenger in Hurt's vehicle. Hurt was killed as a result of the collision, and Moore was injured. *Id.* at 3.

In May 2023, Hurt's Estate filed a wrongful death action against Smith and Gaddie in the Marion Superior Court under Cause Number 49D02-2305-CT-019356. *Id.* On December 1, 2023, Moore filed a separate personal injury action against Gaddie, Smith, and the Estate in the Marion Superior Court under Cause Number 49D06-2312-CT-046688 (together, the "Underlying Cases"). *Id.* at 3–4. Gaddie has made a demand to American Family for a defense in the Underlying Cases. *Id.* at 4.

American Family filed its original Complaint for Declaratory Judgment in this action in September 2023 (Filing No. 1). In January 2024, shortly after Moore filed his personal injury action, American Family filed its Amended Complaint, which is now the operative pleading (Filing No. 20). In its Amended Complaint, American Family requests that the Court declare that the Policy does not cover Gaddie and/or Smith for any claims arising out of the 2022 collision or the Underlying Cases, and that American Family has no obligation to defend or indemnify Gaddie and/or Smith for any such claims. *Id.* at 12–13.

The Estate was served with process and timely filed answers to the original Complaint and Amended Complaint (Filing No. 11; Filing No. 21). American Family served Gaddie on November 13, 2023, Moore on January 25, 2024, and Smith on January 30, 2024, all by certified mail (Filing No. 15; Filing No. 23; Filing No. 24). Gaddie, Smith, and Moore have all failed to appear, plead, or otherwise respond to the Amended Complaint.

American Family moved for a Clerk's Entry of Default against Gaddie, Smith, and Moore (the "Defaulted Defendants") (Filing No. 25; Filing No. 26; Filing No. 27). The Clerk entered default as to each of them on May 1, 2024 (Filing No. 28; Filing No. 29; Filing No. 30). The next day, American Family filed the instant Motions for Default Judgment (Filing No. 31; Filing No. 32; Filing No. 33). The Estate filed substantively identical responses to each of the Motions, arguing that American Family is not entitled to declaratory judgment on the merits of its claim (Filing No. 34; Filing No. 35; Filing No. 36). American Family filed a combined reply (Filing No. 37), and the Motions for Default Judgment are now ripe for the Court's review.

## II.     LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. *See* Fed. R. Civ. P. 55; *Lowe v. McGraw–Hill Cos., Inc.*, 361 F.3d 335, 339–40 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See C & S Mgmt., LLC v. Superior Canopy Corp.*, No. 1:08-CV-0029, 2013 WL 5291961, at *1 (N.D. Ind. Sept.18, 2013). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). Once a party obtains an entry of default by the clerk, then that party may file a motion with the clerk or the court for the entry of default judgment. *See* Fed. R. Civ. P. 55(b). When a party applies for default judgment under Federal Rule of Civil Procedure 55(b)(2), the district court is required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005).

## III.     DISCUSSION

American Family argues that it is entitled to the entry of default judgments against the Defaulted Defendants, and that the Estate's responses offer no excuse for the Defaulted Defendants'

3

failure to appear or plead in this action (Filing No. 37 at 4–5).  The Court agrees that the Estate's merits-based arguments have no bearing on whether American Family is entitled to the entry of default judgments.  However, due to the nature of this action, the Court must nevertheless deny American Family's Motions.

"Courts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of a default judgment prior to adjudication of the merits of the case with regard to the nondefaulting defendants may be improper."  *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958, 961 (S.D. Ind. 1990) (citing *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806 (7th Cir. 1987) and *In re Uranium Antitrust Litig.*, 617 F.2d 1248 (7th Cir.1980)); *see also Home Ins. Co. of Il. v. ADCO Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all.").  The Seventh Circuit Court of Appeals has construed this restriction on inconsistent judgments to apply "only when the theory of recovery is one of joint liability or when the nature of the relief is such that it is necessary that judgments against the defendants be consistent."  *Jackson*, 736 F. Supp. at 961.

In this declaratory judgment action, there is a potential for logically inconsistent judgments.  If the Court were to enter default judgments against the Defaulted Defendants, then American Family would hold no legal duty to defend or indemnify Gaddie or Smith for claims stemming from Smith's alleged actions.  At this early stage of these proceedings it is undetermined whether the Estate might prevail against American Family on the merits, resulting in a judgment that American Family is in fact liable for claims stemming from Smith's alleged actions.  Such a result would be illogical.  To prevent this potential outcome, the Court declines to enter default judgments against the Defaulted Defendants at this time.  *See, e.g., Am. Standard Ins. Co. of Wis. v. Rogers*,

4

123 F. Supp. 2d 461, 466 (S.D. Ind. 2000) (citing cases nationwide finding it improper to enter default judgment declaring the absence of insurance coverage when the claim remained pending against other non-defaulting defendant(s)).

To avoid potentially inconsistent judgments, and out of fairness to the Estate, which did timely appear and answer the Amended Complaint, the Court declines, at this time, to enter declaratory judgments stating that American Family has no defense or indemnification obligations under the Policy as to the 2022 collision or Underlying Cases. The Estate should not be precluded from presenting its defenses to American Family's claims because its co-defendants have made no effort to defend themselves. The Court therefore **denies** the Motions for Default Judgment without prejudice. *See Cincinnati Ins. Co. v. Heitbrink*, No. 3:15-CV-03352, 2017 WL 349312, at * (C.D. Ill. Jan. 24, 2017) (denying motion for default judgment without prejudice); *State Farm Fire & Cas. Co. v. Nokes*, No. 2:08-CV-312, 2010 WL 679057, at *3 (N.D. Ind. Feb. 23, 2010) (same); *Am. Auto. Ins. Co. v. Frydrych*, No. 3:07-CV-398, 2007 WL 9812991, at *1, 4 (N.D. Ind. Nov. 13, 2007) (same); *see also Jackson*, 736 F. Supp. at 961–62 (vacating entry of default judgment, but not entry of default).

American Family will suffer little, if any, prejudice if its Motions for Default Judgment are denied, since American Family would need to litigate this case to completion against the Estate even if judgments were entered against the Defaulted Defendants. Any prejudice is further reduced by the fact that the Clerk's Entries of Default preclude the Defaulted Defendants from disputing American Family's allegations. Fed. R. Civ. P. 55(a); *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (stating "'[a]fter defaulting, a party has no right to dispute the issue of liability,'" though only a default judgment may "determine rights" (quoting 10 James W.M. Moore et al., Moore's Federal Practice § 55.32(1)(a) (3d ed. 2013)). Additionally, the Court

is denying American Family's Motions without prejudice, so American Family may re-file its Motions for Default Judgment against the Defaulted Defendants once a judgment has been determined as to the Estate.

### IV.   CONCLUSION

For the foregoing reasons, American Family's Motions for Default Judgment (Filing No. 31; Filing No. 32; Filing No. 33) are **DENIED without prejudice** and American Family may re-file its motions after judgment as to the Estate is determined.

**SO ORDERED**.

Date:  5/31/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com

Shannon Bogard Mize
SHARTZER LAW FIRM, LLC
smize@shartzerlaw.com