UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:23-cv-01649-TWP-MKK<br>) |
| SCHCONA L GADDIE Clerk's Entry of Default entered 5/1/2024,<br>MACEO SMITH Clerk's Entry of Default entered 5/1/2024,<br>JENNIFER KERSAGE as Special Administrator for the ESTATE OF TODD B. HURT, Deceased,<br>DAMIEN MOORE Clerk's Entry of Default entered 5/1/2024, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR COMPLETE SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Complete Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Plaintiff American Family Mutual Insurance Company, S.I. ("American Family") (Filing No. 53). Plaintiff Jennifer Kersage ("Kersage"), as special administrator of the Estate of Todd B. Hurt, filed an action against Schcona Gaddie ("Gaddie") and Maceo Smith ("Smith") in Indiana state court following an automobile collision (the "Collision") between a vehicle driven by Todd B. Hurt ("Hurt"), and a 1998 red Dodge truck (the "Truck") driven by Smith. Tragically, Hurt was killed in the Collision, and his passenger, Defendant Damien Moore ("Moore"), was injured. Moore has filed a state court action against Gaddie and Smith for injuries arising from the Collision.

Gaddie was the owner of the Truck that Smith was driving at the time of the Collision (Filing No. 53-8 at 1). After Kersage and Moore filed their Indiana state court actions (the "State

1

Court Actions"), Gaddie's automobile insurer, American Family, filed this declaratory judgment action seeking to clarify its obligations to Gaddie and Smith. American Family now moves for summary judgment that it does not owe an obligation to defend or indemnify either Gaddie or Smith in the State Court Actions (Filing No. 20; Filing No. 53). For the reasons explained below, American Family's Motion is **granted**.

## I.     BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.     The Collision and State Court Actions**

On January 25, 2022, Hurt was driving his vehicle westbound on 30th Street approaching the intersection with Kessler Boulevard in Indianapolis (Filing No. 20 at 3). Moore was a passenger in Hurt's vehicle. *Id*. At the same time, Smith, whose license had been suspended, was driving the Truck northbound on Kessler Boulevard approaching the intersection with 30th Street. *Id*.; (Filing No. 53-10). Gaddie was the owner of the Truck as of January 25, 2022 (Filing No. 53-8). As Smith approached the intersection, he ran a red light and collided with Hurt's vehicle. *Id*. Hurt suffered fatal injuries from the Collision. *Id*. at 3. In October, 2022, Kersage was named special administrator of Hurt's Estate by the Marion Superior Court for purposes of pursuing a tort claim for Hurt's wrongful death (Filing No. 53-4).

Kersage filed a complaint against Gaddie and Smith, in state court on May 2023, alleging that they both were negligent in bringing about Hurt's death in the Collision. (Filing No. 20-3 at 3); *Kersage v. Smith*, Case No. 49D02-2305-CT-019356 (Marion Super. Ct. May 15, 2023). Kersage alleged that Smith was acting as Gaddie's servant, agent, representative, and/or employee

at the time of the Collision, and that Gaddie negligently entrusted the Truck to Smith (Filing No. 20-3 at 3). In December 2023, Moore filed a state court action against Smith, seeking damages for his injuries arising from the Collision. (Filing No. 20-4); *Moore v. Smith*, Case No. 49D06-2312-CT-046688 (Marion Super. Ct. Dec. 1, 2023). Both State Court Actions remain pending.

On January 22, 2024, American Family filed an Amended Complaint for Declaratory Judgment in federal court, which is the operative pleading, arguing that under the language of the insurance policy American Family issued to Gaddie, it owes no obligation to defend or indemnify either Gaddie or Smith in the State Court Actions (Filing No. 20). American Family filed its Motion for Complete Summary Judgment, arguing that there exists no genuine issue of material fact regarding its obligations, so it is entitled to judgment as a matter of law. Kersage filed a Notice stating she has no objection to American Family's Motion (Filing No. 54). Neither Gaddie, Smith, nor Moore filed any response to American Family's Complaint, and a Clerk's Entry of Default has been entered against them (Filing No. 28; Filing No. 29; Filing No. 30). These defendants also did not respond to American Family's Motion for Complete Summary Judgment, and the time to do so has passed. S.D. Ind. L.R. 56-1(b). The Court therefore treats American Family's Motion as unopposed by all Defendants.

**B.**     **The Policy**

American Family issued Gaddie a Family Car Policy No. 41060-79778-07 (the "Policy"), with a Policy period effective October 13, 2021, to October 13, 2022 (Filing No. 53-3 at 2). The Policy listed Gaddie as the named insured and two non-parties as drivers or household members. *Id.* at 2–3. The Policy contained the following Liability Coverage section:

> **We** will pay compensatory damages for which an **insured person** is legally liable because of **bodily injury** or **property damage** as a result of an auto accident.

3

>    **We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper. **WE** WILL NOT DEFEND ANY CLAIM OR SUIT AFTER **OUR** LIMIT OF LIABILITY HAS BEEN OFFERED OR PAID.

*Id.* at 12 (emphases in original).

The Policy also includes certain coverage exclusions. The following exclusions, Exclusion 3 and Exclusion 10, are relevant for purposes of this Order:

> 3.  **bodily injury** or **property damage** arising out of **your** or a **relative's** use of a vehicle, other than **your insured car**, without the permission or outside the scope of the permission of the owner of the vehicle or the person in lawful possession of the vehicle. Under no circumstances will a person whose license has been suspended, revoked, or never issued be held to have a reasonable belief that the person is entitled to operate a vehicle.

*Id.* at 21 (emphases in original).

> 10. bodily injury or property damage arising out of the ownership, maintenance, or use of any vehicle which is owned by or furnished or available for regular use by you or the person claiming Part I – Liability Coverage under this policy.
>
>     This exclusion [10] does not apply to a vehicle that is:
>     a. shown in the Declarations with Part I – Liability Coverage under this policy;
>     b. a replacement vehicle that replaces a vehicle shown in the Declarations with Part I – Liability Coverage under this policy;
>     c. a temporary substitute vehicle used as a substitute for a vehicle shown in the Declarations with Part I – Liability Coverage under this policy; or
>     d. an additional vehicle or rental vehicle if there is a vehicle shown in the Declarations with Part I – Liability Coverage under this policy.

*Id.* at 13 (emphases in original).

The Policy also includes the following pertinent definitions relating to insured vehicles:

> U.  **Your insured car** means:
>     1. any vehicle shown in the **Declarations** unless **you** no longer own it.
>     2. a **temporary substitute vehicle**.
>     3. a **replacement vehicle**.
>     4. an **additional vehicle**.

*Id.* at 11 (emphases in original).

4

  P.  **Temporary substitute vehicle** means any **private passenger car** or **trailer**:
1. that **you** do not own;
2. that is used with permission and within the scope of permission of the owner or the person in lawful possession of the **private passenger car** or **trailer**; and
3. while used as a substitute for any vehicle shown in the **Declarations** which is out of normal use for a reasonable amount of time because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction.

*Id.* (emphases in original).

  N.  **Replacement vehicle** means a **private passenger car** that meets all of the **following** criteria:
1. **you** own it;
2. it replaces a vehicle, shown in the **Declarations**, that **you** no longer own;
3. **you** acquire it during the policy period;
4. **you** ask **us** to insure it within 14 days after **you** become the owner; and
5. **you** pay **us** the additional premium due.

*Id.* at 20 (emphases in original).

  A.  **Additional vehicle** means a **private passenger car** that meets all of the following criteria:
1. **you** own it in addition to the vehicles shown in the **Declarations;**
2. **you** acquire it during the policy period;
3. **you** ask **us** to insure it within 14 days after **you** become the owner;
4. **you** pay **us** the additional premium due; and
5. all of **your** other **private passenger cars** are:
   a. insured with **us**; and
   b. not insured under any other insurance policy.

***

A vehicle **you** own, that is not shown in the **Declarations** or does not meet the definition of **additional vehicle** or **replacement vehicle**, will have no coverage.

*Id.*

The Policy further includes definitions relating to insured persons. First, the Policy defines an "insured person" as:

1. **you** or a **relative** for the ownership, maintenance, or use of:
    a. a **car**;
    b. a **rental vehicle**;
    c. a motor home not used for business purposes; or
    d. a **trailer**.
2. any person, other than a **relative**, while using **your insured car** with **your** permission and within the scope of **your** permission.
3. any other person or organization, but only for legal liability for acts or omissions of:
    a. any person covered under this Part while using **your** insured car.
    b. **you** or any **relative** covered under this Part while using any **car** or **trailer** other than **your insured car**. This other **car** or **trailer** must not be owned or hired by that person or organization.

*Id.* (emphases in original).

The Policy defines "relative" to mean: "a person who resides in **your** household, related to **you** by blood, marriage, domestic partnership, or adoption." *Id.* at 11 (emphases in original). "Your" in the preceding sentence refers to the named insured of the Policy. *Id.* at 9.

Critically, the following are not considered insured persons under the Policy:

4. any person, other than a relative, while using **your insured car** without **your** permission.

\*\*\*

8. any person operating or **occupying** a vehicle without a reasonable belief that the person is entitled to do so, provided that under no circumstances will a person whose license has been suspended, revoked, or never issued, be held to have a reasonable belief that the person is entitled to operate a vehicle.

*Id.* at 20 (emphases in original).

## C. Undisputed Facts

Smith and Schcona Gaddie did not reside in the same address at the time of the incident, they were not members of the same household.

6

Gaddie had requested American Family to remove the 1998 Dodge Ram pick-up truck from her policy, effective December 1, 2019. (Filing No. 53-13) At Gaddie's request, the 1998 Dodge Ram pick-up truck was removed as an insured vehicle from her policy. *Id*. At no time after December 1, 2019, did Gaddie or any other person request American Family to once again insure this 1998 Dodge Ram pick-up truck. *Id*. American Family was never requested to insure the 1998 Dodge Ram pickup truck since December 1, 2019. *Id*. The 1998 Dodge Ram pick-up truck was not a replacement vehicle, since it was already owned by Gaddie for over three (3) years prior to the incident. Id. The 1998 Dodge Ram pick-up truck was not listed as an insured vehicle on the Declarations to the policy of insurance. *Id*.

## II.     LEGAL STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that

requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox Cnty. Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III.    DISCUSSION

American Family contends that the Policy unambiguously precludes coverage for the State Court Actions. Specifically, American Family argues that it does not owe Gaddie or Smith any obligations under the Policy because (1) the Truck was not an insured vehicle under the Policy on January 25, 2022, (2) Policy Exclusions 3 and 10 preclude coverage, (3) Smith was not an "insured person" under the Policy, and (4) Gaddie cannot be liable for damages arising from the Collision. The Court determines that the first two arguments, which are related, are dispositive, so it only addresses those arguments in this Order. The Court need not, and does not, address whether Smith is an "insured person" or whether Gaddie can be held liable in the State Court Actions.

The Court agrees with American Family's contention that Indiana law governs the interpretation of the Policy in this diversity action. (Filing No. 53-1 at 7); *see Officer v. Chase Ins. Life & Annuity Co.*, 541 F.3d 713, 715 (7th Cir. 2008) ("When sitting in diversity, we must apply

the substantive law of the state as we believe the highest court of that state would apply it."). Moreover, the Policy's choice of law provision dictates that Indiana law applies (Filing No. 53-3 at 19).

A.  **Exclusion 10 Precludes Coverage Because the Truck is not an Insured Car.**

Exclusion 10, subject to certain exceptions, precludes coverage for bodily injury that arises out of "the use . . . of any vehicle which is owned by . . . or available for regular use by [Gaddie]." (Filing No. 53-3 at 13). The undisputed material facts show that Gaddie owned the Truck on January 25, 2022. American Family contends that because Gaddie owned the Truck, it was "available for regular use" by her, and the Court agrees (Filing No. 53-1 at 19). It is also undisputed that Smith's use of the Truck gave rise to the alleged bodily injuries at issue in the State Court Actions. So Exclusion 10, barring any exceptions to the exclusion, precludes coverage for the State Court Actions.

Exclusion 10 provides that it does not apply to vehicles shown in the Policy's Declarations page, additional vehicles, replacement vehicles, or temporary substitute vehicles (Filing No. 53-3 at 13). American Family argues that the Truck does not qualify for any of these exceptions, so Exclusion 10 applies to preclude coverage. The Court again agrees.

First, the Policy lists five vehicles as insured on the Declarations page as of January 25, 2022, none of which is the Truck.[1] Second, the Truck does not meet the definition of an "additional vehicle." American Family points out that the Truck cannot be an "additional vehicle" because the Truck was not acquired during the relevant Policy period, it was not insured within fourteen days of Gaddie becoming the owner of the Truck, and no premiums were paid on the Truck during the relevant Policy period. It is undisputed that Gaddie was the owner of the Truck on January 25,

---

[1] The relevant Policy period here is October 13, 2021, to October 13, 2022.

9

2022 (Filing No. 53-8 at 1). Gaddie, however, did not acquire the Truck within the relevant Policy period. It is undisputed that Gaddie purchased the Truck in September 2018. *Id.* at 1. According to the designated evidence, Gaddie requested American Family remove the Truck from her Policy effective December 1, 2019, and no evidence has been designated showing that the Truck had been re-insured by January 2022 (Filing No. 53-13 at 6, ¶ 18). The designated evidence reveals that no premium had been paid on the Truck during the relevant Policy period. *Id.* at 7, ¶ 25. So under the Policy's plain language, the Truck cannot be an "additional vehicle" because (1) the Truck was not acquired during the relevant Policy period, (2) no premium was paid on the Truck for the relevant Policy period, and (3) though Gaddie was the owner of the Truck on January 25, 2022, the Truck did not appear on the Policy's Declarations page. To qualify as an "additional vehicle," all of the definition's requirements must be satisfied, and here, they are not. Additionally, the "additional vehicle" definition includes the following qualification: "[a] vehicle you own, that is not shown in the Declarations or does not meet the definition of additional vehicle or replacement vehicle, will have no coverage." (Filing No. 53-3 at 2) (emphases omitted).

Third, for many of the same reasons the Truck does not qualify as an "additional vehicle," the Court also concludes that the Truck does not qualify as a "replacement vehicle." To qualify as a "replacement vehicle," the car must meet also certain criteria. *Id.* at 20. Specifically, the car must have been acquired during the Policy period and an additional premium must have been paid on the Policy. *Id.* at 11. As discussed above, the Truck was not acquired during the relevant Policy period, and the designated evidence shows that the Truck has not been insured by an American Family insurance policy since December 1, 2019, at the latest (Filing No. 53-13 at 6, ¶ 18). Moreover, the designated evidence shows that no premium has been paid on the Truck since

December 1, 2019. *Id.* at 7, ¶ 25. Because not all the requirements to qualify as a "replacement vehicle" are met, the Truck does not qualify as a replacement vehicle.

Finally, the Truck does not qualify as a "temporary substitute vehicle." To qualify as a temporary substitute vehicle, the car must be a vehicle that the named insured does not own (Filing No. 53-3 at 11). It is undisputed that Gaddie owned the Truck on January 25, 2022 (Filing No. 53-8 at 1). Because Gaddie was the owner of the Truck on January 25, 2022, under the Policy's plain language, the Truck does not qualify as a temporary substitute vehicle.

Based on American Family's supporting brief, the designated evidence, and the unambiguous, plain language of the Policy, the Court concludes that Exclusion 10 applies to bar coverage for the State Court Actions, and that none of the exceptions to Exclusion 10 brings the Truck within coverage. American Family is therefore entitled to judgment as a matter of law.

**B.      Exclusion 3 Precludes Coverage Because Smith lacked Permission to Drive the Truck.**

Exclusion 3 provides that the Policy does not cover bodily injury or property damage "arising out of **your** or a **relative's** use of a vehicle, other than **your insured car**, without [your] permission," and that "[u]nder no circumstances will a person whose license has been suspended, revoked, or never issued be held to have a reasonable belief that the person is entitled to operate a vehicle." (Filing No. 53-3 at 21). For the reasons discussed above, the Truck is not an insured car. However, American Family contends that there is no evidence that Smith is a "relative" of Gaddie (Filing No. 53-1 at 13) and, more importantly, the designated evidence establishes that Smith's license was suspended at the time of the Collision (Filing No. 53-10). The Policy's language makes clear that Smith could not have had a reasonable belief that he was entitled to operate the Truck. Even if Smith had Gaddie's permission to operate the Truck, of which there is no designated evidence, because of his suspended license, Smith could not have had a reasonable belief that he

11

was entitled to operate the Truck. Exclusion 3 is therefore applicable and precludes coverage, and American Family is entitled to summary judgment for this additional reason.

C. **American Family has no duty to defend Gaddie or Smith.**

An insurer's duty to defend its insured is greater than its duty to indemnify its insured. *Seymour Mfg. Co., Inc. v. Com. Union Ins. Co.*, 665 N.E.2d 891, 892 (Ind. 1996). American Family correctly points out that where an insurer's investigation of a claim's underlying facts reveals that the claim is outside of the risk covered by the policy, the insurer can properly refuse to defend the insured in the underlying claim. *Friedline v. Shelby Ins. Co.*, 774 N.E.2d 37, 42 n.6 (Ind. 2002). An insured's duty to defend "is determined from the allegations of the complaint coupled with those facts known to or ascertainable by the insurer after reasonable investigation." *Trisler v. Ind. Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991). Here, the designated evidence shows that the Truck was not an insured vehicle under Gaddie's Policy with American Family (Filing No. 53-3 at 2). Exclusions 3 and 10 both preclude coverage under the Policy because the Truck is not an insured vehicle and Smith did not have permission to drive the Truck, so the State Court Claims are "patently outside of the risk covered by the policy." *Friedline*, 774 N.E.2d at 42 n.6. American Family is therefore entitled to summary judgment that it has no duty under the Policy to defend Gaddie or Smith in the State Court Actions.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff American Family's Motion for Complete Summary Judgment (Filing No. 53). American Family is entitled to a judgment declaring that the Policy does not cover Smith and/or Gaddie for any claims arising out of the Collision, the State Court Actions, or claims asserted by Kersage or Moore; that American Family has no obligation to defend or indemnify Smith or Gaddie against any claims arising out of the

Collision, the State Court Actions, or claims asserted by Kersage or Moore, that American Family has no obligation to compromise or settle any claim arising out of the Collision, the State Court Actions, or claims asserted by Kersage or Moore; and that American Family has no obligation to pay or satisfy, in whole or in part, any judgment that may be rendered against Smith and/or Gaddie from any claims arising out of the Collision, the State Court Actions, or claims asserted by Kersage or Moore.

Final Judgment will issue under separate order.

**SO ORDERED**.

Date: 8/8/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Shannon Bogard Mize
SHARTZER LAW FIRM, LLC
smize@shartzerlaw.com

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com